■ THEODORE STERNKLAR et al., Appellants, v 19 E. 80TH ST. ASSOCIATES, Respondent.—Order, Supreme Court, New York County (Carol Arber, J.), entered March 28, 1990, which granted defendant's motions for summary judgment dismissing the complaint and on its counterclaims, unanimously reversed, on the law, the motions for summary judgment are denied, and the complaint is reinstated, without costs.

In September 1984, plaintiffs-tenants, Theodore Sternklar and Adrienne Wincor-Sternklar ("tenants"), entered into a lease with defendant-respondent, 19 E. 80th St. Associates ("landlord"), for rent-stabilized Apartment 4D of 19 East 80th Street, New York, New York. Prior to moving in, the tenants undertook various alterations and renovations of the premises, including the installation of a completely new kitchen and bathroom, window screens, frames, cabinetry, and other custom-built units. The work was performed after obtaining the landlord's permission, as required by the lease, and submitting architectural drawings and plans specifying the proposed alterations. The landlord consented to most, but not all, of the work and, upon its completion, inspected the premises to ensure that the tenants had fully complied with its terms.

In September 1989, the landlord notified the tenants that the building's windows were to be replaced, as a major capital improvement, and that any obstructions to the windows or adjacent areas would have to be cleared to provide the workers necessary access. This required the removal of various custom-built cabinets, screens, shelves and furniture, as well as the dismantling of a mirrored alcove that had covered a dining room window since prior to the tenants' occupancy.

Faced with approximately $8,000 in costs to be incurred for removing and then replacing these items, tenants brought the within action for a declaratory judgment, seeking a declaration on the parties' rights and obligations with respect thereto. The IAS part granted the landlord summary judgment, both dismissing the complaint and on its counterclaims of unauthorized renovations. We reverse, deny the motions for summary judgment, and reinstate the complaint.

An examination of the record reveals the existence of several material issues of fact which, as is well established,

preclude summary judgment. *(Rotuba Extruders v Ceppos,* 46 NY2d 223, 231.) With respect to some matters, the IAS part did not acknowledge clear factual controversies and, as regards others, did not limit its role to issue finding, but engaged in the prohibited practice of issue determination. *(See, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395.) Thus, for example, the IAS part found that the tenants' installation of new kitchen cabinets in 1984 was an "unauthorized alteration", despite the factual dispute as to whether the landlord approved the plans and drawings of the proposed kitchen and the further question of whether those plans accurately depicted the placement of the kitchen cabinetry.

Additional factual controversy surrounds the window treatments, which are described by the landlord as being "affixed to the windows" and therefore unauthorized, and by the tenants as consisting of "Japanese paper screens which merely rest on thin slats placed more than a foot in front of the bedroom window". On this issue, we find no support in the record that the screens described are similar to the iron-bar window guards which were held to constitute a lease violation in *Glen Oaks Vil. Owners v Balwani* (115 Misc 2d 948), relied upon by the IAS part.

Factual issues also exist with respect to the mirrored alcove, which the tenants contend was not only in the apartment when they took possession, but became the "focal point" of their dining room decoration, while the landlord claims no knowledge of an installation prior to the commencement of their tenancy. Similarly, the custom-built bedroom furniture, which the landlord asserts constitutes unauthorized built-in alterations, is claimed by the tenants to be merely free-standing units built to fit specific wall spaces.

The subject of yet another factual controversy is a wooden trim built around a bathroom window, which is claimed by the landlord to be an unauthorized alteration, and said by the tenants to have not only been authorized, but inspected and approved after its installation.

In light of this record, it was error for the IAS part to have granted summary judgment dismissing the complaint and on the landlord's counterclaims of unauthorized alterations, and we accordingly reverse. Concur—Milonas, J. P., Ellerin, Ross, Kassal and Rubin, JJ.