(November 7, 1991)

■ Le Papillon, Ltd., Appellant, v Sheratonn Italiana, S.P.A., Respondent.—Order, Supreme Court, New York County (David Saxe, J.), entered on or about January 28, 1991, which granted the defendant's motion for summary judgment dismissing the amended complaint, unanimously reversed, on the law, the motion for summary judgment is denied and the complaint is reinstated, with costs.

The plaintiff instituted this action for breach of contract and fraud based on a purported oral exclusive distribution agreement with the defendant pursuant to which the plaintiff was to sell the defendant's silver table and holloware in the United States. The plaintiff contends that after performing under the agreement for one and one-half years, it learned that the defendant breached by authorizing another company to act as a distributor of the merchandise within the United States.

The Supreme Court erred in granting the defendant's motion for summary judgment since the parties presented sharply conflicting versions of the facts surrounding the creation, nature and duration of their agreement. The trial court's role, of course, is limited to issue finding, not issue determination (see, Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395; Sternklar v 19 E. 80th St. Assocs., 171 AD2d 528). By resolving the factual disputes in the defendant's favor prior to trial, the court usurped the jury's function.

Nor is there merit to the defendant's contentions that the distributorship and commission agreements were barred by the Statute of Frauds or that the commission agreement was invalid since it was without consideration. Concur—Murphy, P. J., Rosenberger, Ellerin, Ross and Rubin, JJ.